**FUTURE FARMERS OF AMERICA**
v.
**ROMACK.**
No. 11013.

United States Court of Appeals
Seventh Circuit.

April 7, 1954.

**926**

C. Robert Mathis, Washington, D. C., Thomas A. Graham, Danville, Ill., Millard E. Tydings, Arthur J. Cerra, Davies, Richberg, Tydings, Beebe & Landa, Washington, D. C., Graham, Wise & Meyer, Danville, Ill., of counsel, for appellant.

Robert Z. Hickman, Danville, Ill., Bookwalter, Carter, Gunn & Hickman, Danville, Ill., of counsel, for appellees.

Before MAJOR, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Future Farmers of America, a corporation, plaintiff, filed its complaint in the District Court against the defendants. Its action is based upon alleged trademark infringement and unfair competition. Plaintiff seeks to enjoin defendants from using plaintiff's trademarked insignia and emblem without its consent and also seeks for an accounting of profits, damages, attorneys' fees and costs.

Defendants having filed an answer, the court heard evidence on a motion for a preliminary injunction, which, by agreement of counsel, was considered as evidence upon the final hearing of the case. The court thereupon made findings of fact and conclusions of law, filed an opinion, 114 F.Supp. 796, and entered an order permanently enjoining the defendants from using the name "Future Farmers of America" or the letters "F.F.A." and the registered trade-marks of Future Farmers of America, "without the authorization of Future Farmers of America, or its duly authorized chapters, or associations of chapters", and directing each party to pay its or their own costs.

On plaintiff's appeal from said order it assigns as errors relied upon, the District Court's

(1) "erroneous conclusion that Section 16 of plaintiff's corporate charter grants any state association or any local chapter of plaintiff equal rights of ownership in the trademarks registered and owned by plaintiff, with power and authority to permit defendants or others to employ said trademarks in their manufacturing processes and to sell products bearing said trademarks;"

(2) "failure to grant an unqualified and unrestricted injunction to plaintiff which would preclude defendants from using said trademarks without first obtaining permission from plaintiff corporation, the registered owner;"

(3) "failure to award an accounting of profits and damages on all sales of defendants' products bearing or incorporating the registered trademarks of plaintiff;" and

(4) "failure to award reasonable attorneys' fees and costs to plaintiff."

This court's answers to the following questions will be determinative of the case in this court:

1. Was the sole and exclusive right to use the name of Future Farmers of America and the initials F.F.A., as representing an agricultural membership organization, and such seals, emblems and badges as the plaintiff may lawfully adopt, vested exclusively in the plaintiff under its charter, or was that right shared by the plaintiff and the Texas association of chapters of Future Farmers of America, in such manner that the Texas association could grant to defendants the right to such use in Texas, for the purpose of selling jackets, T-shirts and other items bearing the trademarked emblem and insignia of Future Farmers of America?

2. If the latter, was such authorization granted by the Texas association to defendants?

Plaintiff is a corporation chartered by an act of the United States Congress, 36 U.S.C.A. §§ 271–291; Pub.Law 740, 81st Cong., 2nd Sess., Ch. 823, Aug. 30, 1950. It is the owner of the trade-marks in question.

After its incorporation plaintiff conducted a supply service in connection with which it published a catalogue illustrating its merchandise consisting of T-shirts, jackets, neckties, shirts, and other items. All of these had the emblems and trademarks in question upon them.

The defendants, with offices in Danville, Illinois, are in the business of supplying various groups and organizations with jackets, T-shirts and other merchandise.

The District Court found that in 1951 the defendants entered into an agreement, referred to by the court as a "deal", with the Texas association permitting defendants to sell jackets, T-shirts and other items bearing the Future Farmers of America trademarked emblem and insignia, and since that time defendants have sold substantial quantities of these items in Texas, in connection with which defendants paid the Texas association a 10% royalty on all of these sales, and in return the association published free advertisements of defendants' products in its official magazine.

Defendants have made a few sales in insignificant amounts outside of Texas, but in this court no point is made by either party as to these sales.

The relevant sections of the plaintiff's charter are as follows:

Section 3(5), 36 U.S.C.A. § 273(5):

"The objects and purposes of the corporation shall be * * *

"(5) to procure for and distribute to State associations, local chapters, and members all official Future Farmers of America supplies and equipment; * * *."

Section 4(11, 12 and 13), 36 U.S.C.A § 274(11, 12 and 13):

"The corporation shall have power— * * *

"(11) to procure for and distribute to State associations, local chapters, and members all official Future Farmers of America supplies and equipment;

"(12) to adopt emblems and badges; and

"(13) to do any and all acts and things necessary and proper to carry out the objects and purposes of the corporation."

Section 16, 36 U.S.C.A. § 286:

"The corporation, and its duly authorized chapters and associations of chapters, shall have the sole and exclusive right to use the name of Future Farmers of America and the initials FFA as representing an agricultural membership organization and such seals, emblems and badges as the corporation may lawfully adopt."

Under its charter plaintiff has power to procure and distribute to state associations, local chapters, and members of Future Farmers of America, all official Future Farmers of America supplies and equipment. It also has power to adopt emblems and badges (signifying Future Farmers of America).

■ Under section 16 of its charter, plaintiff and its duly authorized chapters and associations of chapters, without any distinction between them, have the sole and exclusive right to use not only the name of plaintiff and the initials F.F.A. as representing an agricultural organization, but also such seals, emblems and badges as the plaintiff may lawfully adopt. The plaintiff has adopted the trademarked emblems and insignia involved in this case. Inasmuch as the plaintiff and the Texas association are both included in section 16, by language using the conjunctive word "and" between the words "the corporation" (meaning the plaintiff), and the words "its duly authorized chapters and associations of chapters" (which include the Texas association), it is clear that either the plaintiff or the Texas association has the right to the use of such emblems and insignia without the consent of the other.

■ The word "use" as it is employed in section 16, includes the doing of all acts necessary or proper to make available in a practical way the name of plaintiff and the initials F.F.A. as and when representing an agricultural organization, and such seals, emblems and badges as the plaintiff shall have lawfully adopted. As a part of such use there is included procurement by authorizing another to manufacture such seals, emblems and badges and to affix same to such articles of clothing as are adaptable for wear by members of Future Farmers of America. The Texas association of chapters had this right of use which it could exercise by granting to defendants permission to manufacture and sell in Texas jackets, T-shirts and other items bearing the trademarked emblem and insignia of Future Farmers of America.

■ The facts appearing in evidence amply sustain the conclusion reached by the District Court that the Texas association authorized or permitted the defendants to use said trade-marks in the manufacture of said garments and the sale of said products bearing said trade-marks in the state of Texas.

■ For these reasons, the plaintiff is not entitled to an accounting of profits and damages on any of defendants' sales in Texas of their products bearing the registered trade-marks of plaintiff, or an award of attorneys' fees and costs. The final order of the District Court granting an injunction against the defendants but limited in its application, as it is, to acts committed by defendants "without authorization of plaintiff, its duly authorized chapters or associations of chapters" [114 F.Supp. 804] is proper and it is affirmed.

Affirmed.